## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

LINDA L. ROBERTS,            )
                                          )
       Plaintiff,             )
                                          )
v.                              )     No. 3:07-cv-413
                                        )     (Phillips)
A&S BUILDING SYSTEMS, L.P.,    )
a Subsidiary of NCI Group, L.P., and  )
NCI Group, L.P.,              )
                                          )
       Defendants.           )

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to remand [Doc. 6]. Plaintiff contends that this court lacks original jurisdiction under 28 U.S.C. § 1331 and § 1332, and therefore removal under 28 U.S.C. § 1441 was improper. Defendants responded in opposition [Docs. 11 and 12], contending that this court has original jurisdiction under both § 1331 and § 1332. Specifically, defendants contend that this court has federal question jurisdiction because the Employee Retirement Income Security Act ("ERISA") completely preempts the plaintiff's claims pleaded under state law. Defendants likewise contend that this court has diversity jurisdiction under § 1332, as the amount in controversy exceeds $75,000.

Because this court has jurisdiction under both § 1331 and § 1332, plaintiff's motion to remand will be denied.

# I.    BACKGROUND

Plaintiff filed suit in the Circuit Court for Campbell County, Tennessee at Jacksboro. Plaintiff alleged that defendants wrongfully terminated her in violation of the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. §§ 4-21-101 to - 1004 (2007), and Tennessee common law. On November 2, 2007, defendants removed the action to this court, premising removal on this court's original jurisdiction involving both a federal question and diversity of citizenship.

Plaintiff moves this court to remand the matter to state court. Plaintiff claims that she did not plead a claim under ERISA, and therefore the well-pleaded complaint rule does not allow for removal to this court. Plaintiff further contends that she capped her damages at $75,000, and therefore the amount in controversy does not exceed $75,000 as required by 28 U.S.C. § 1332(a).

Defendants counter that the civil enforcement provision of ERISA completely preempts plaintiff's claim. Defendants further contend that plaintiff's damages are "more likely than not" to exceed $75,000. Plaintiff only capped her compensatory damages claims at $75,000 and requests back pay and other damages in addition to compensatory damages.

The court will address each in turn.


# II.    ANALYSIS

## A.    Federal Question Jurisdiction Under ERISA

Defendants contend that plaintiff's claims are preempted by ERISA and therefore removal is proper under 28 U.S.C. § 1331. Specifically, defendants contend that plaintiff's cause of action falls under § 510 of ERISA, which makes it illegal for an employer "to discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an

employee benefit plan ... or for the purposes of interfering with the attainment of any right to which such participant may become entitled under the plan." 29 U.S.C. § 1140 (2006). Because plaintiff alleges that "she was discharged from her employment and discriminated against because of her age in order to preclude the Plaintiff from obtaining benefits of her employment," Compl. ¶ 9, defendants argue that § 502(a) of ERISA allows her to bring a civil action "to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan," 29 U.S.C. § 1132(a) (2006). Plaintiff does not, however, mention ERISA in her complaint; plaintiff alleged claims solely under the THRA and Tennessee common law.

Plaintiff contends that this is merely a federal defense to her state law claims. The "well-pleaded complaint" rule requires that "a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metr. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908)). The federal claim must therefore appear on the face of a well-pleaded complaint to authorize jurisdiction in the federal courts. *Id.* Because "[f]ederal preemption is ordinarily a federal defense to the plaintiff's suit ... it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court." *Id.*

Complete preemption, however, is an exception to this rule: "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character," *id.* at 63-64, such that they "arise" under federal law. In *Franchise Tax Board of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1 (1983), the Supreme Court held that ERISA pre-emption, without more, does not convert a state claim into

an action arising under federal law." *Metr. Life Ins. Co.*, 481 U.S. at 64. The Court suggested, however, that "a state action that was not only pre-empted by ERISA, but also came 'within the scope of § 502(a) of ERISA' " might be so completely pre-empted as to arise under federal law. *Id.* (quoting *Franchise Tax Bd. of Cal.*, 463 U.S. at 24-25). In *Metropolitan Life Insurance Co. v. Taylor*, the Supreme Court answered that question in the affirmative. Accordingly, suits that fall within the purview of § 502(a) of ERISA are "necessarily federal in character by the clearly manifested intent of Congress." *Id.* at 67. Even cases that purport to raise only state law claims but the substance of which fall within ERISA arise under federal law, whether it was obvious at the time the suit was filed that the state law claims would be preempted, because "the touchstone of ... removal jurisdiction is not the 'obviousness' of the pre-emption defense but the intent of Congress." *Id.* at 66. As the Court discussed, Congress very clearly intended the complete preemption of ERISA to operate as "arising under" federal law. *Id.* at 64-66. The Sixth Circuit likewise recognizes that claims falling within the purview of the civil enforcement provision of ERISA arise under federal law, "notwithstanding that, on its face, the plaintiff's complaint alleges only a state-law cause of action." *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 325 (6th Cir. 2007).

Because plaintiff seeks to restore "all salary, fringe benefits, credits, and other employment benefits to which she was otherwise entitled," Compl. at 4, this suit falls under the civil enforcement provision, § 502(a), of ERISA. As such, it is "necessarily federal" in character and therefore "arise[s] under the ... laws ... of the United States." 28 U.S.C. § 1331 (2006). Accordingly, removal was proper under 28 U.S.C. § 1441(a) because this court had original federal question jurisdiction over the claims.

## B.    Diversity Jurisdiction

Defendants also premised removal based on diversity jurisdiction under 28 U.S.C. § 1332. Defendants argue that the parties are citizens of different States and that the amount in controversy "more likely than not" exceeds $75,000. Plaintiff does not dispute the diversity of citizenship;[1] rather, she contends that the value of her damages is, at most, exactly $75,000, and therefore jurisdiction does not exist under 28 U.S.C. § 1332.

A federal court has original jurisdiction over claims not arising under federal law where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332 (2006). The Tennessee Rules of Civil Procedure provide that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." Tenn. R. Civ. Pro. 54.03(c) (2007). A plaintiff may therefore plead an amount equal or lesser to $75,000 in order to preclude removal, yet still recover the full amount of her claim. Where, as here, a plaintiff uses this rule to plead damages equal or lesser to $75,000, "the removing defendants must show that it is 'more likely than not' that the plaintiff's claims meet the amount in controversy requirement." *Rogers*, 230 F.3d at 871.

---

[1] The complaint simply states that "Defendants A&S Building systems L.P., a division of the Defendants, NCI Group, L.P. ... is a limited partnership conducting business in the State of Tennessee." Compl. ¶ 1. Defendants' notice of removal, however, states:

> At the time the original complaint was filed, defendants A&S BUILDING SYSTEMS, L.P. was a Texas limited partnership, with its principal place of business [in Texas]. At the time the original Complaint was filed, Defendants NCI GROUP, L.P., was a Texas limited partnership, with its principal place of business [in Texas]. After the original Complaint was filed, Defendantss were restructured such that Defendantss were merged into NCI Group, Inc. ... a Nevada corporation with its principal place of business [in Texas].

Notice of Removal ¶ 2. Thus the defendants are citizens of different states.

As defendants point out, the only damages which plaintiff specifically capped were her compensatory damages. In addition to compensatory damages, plaintiff seeks, among other relief, back pay and front pay. Compl. at 4 (seeking award of "salary, fringe benefits, credits, and other employment benefits to which she was otherwise entitled based upon her relationship with the Defendants"). An award of back pay or front pay under the THRA is an equitable remedy. *See Curtis v. Loether*, 415 U.S. 189, 197 (1974) (characterizing "backpay as an integral part of an equitable remedy, a form of restitution" in Title VII cases); *Lynch v. City of Jellico*, 205 S.W.3d 384, 399 (Tenn. 2006) ("[A]n analysis of claims under the THRA is the same as under Title VII of the Federal Civil Rights Act."). It is elementary that compensatory damages, traditionally a remedy at law, are separate and distinct from equitable relief.

Because plaintiff limited only her compensatory damages to $75,000, rather than the totality of her damages, the defendants have demonstrated that it is "more likely than not" that plaintiff's claims exceed $75,000. Accordingly, jurisdiction is also predicated on 28 U.S.C. § 1332.


III.    **CONCLUSION**

Defendants have demonstrated that this court has original jurisdiction under 28 U.S.C. § 1331 and § 1332. Accordingly, removal was proper under 28 U.S.C. § 1441. Plaintiff's motion to remand [Doc. 6] is therefore **DENIED**.

**IT IS SO ORDERED**.

ENTER:

_____s/ Thomas W. Phillips_____
United States District Judge