# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| LINDA L. ROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:07-cv-413 |
| ) | (Phillips) |
| A&S BUILDING SYSTEMS, L.P., ) | |
| a subsidiary of NCI GROUP, L.P, and ) | |
| NCI GROUP, INC., L.P., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

On December 11, 2007, this court denied plaintiff's original motion to remand, holding that jurisdiction was predicated on both 28 U.S.C. § 1331 and § 1332 and removal was therefore proper. On December 14, 2007, plaintiff filed a renewed motion to remand [Doc. 16] and memorandum in support thereof [Doc. 17], claiming that she would not seek damages of any measure in excess of $75,000 and that she did not make any claim under the Employee Retirement Income Security Act ("ERISA"). Defendants responded [Docs. 18 and 19], and plaintiff replied [Doc. 20]. After this court granted leave, defendants filed a sur-reply [Doc. 31].

For the reasons that follow, plaintiff's motion is **GRANTED**.

## I. BACKGROUND

Plaintiff filed suit in the Circuit Court for Campbell County, Tennessee at Jacksboro. Plaintiff alleged that defendants wrongfully terminated her in violation of the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. §§ 4-21-101 to - 1004 (2007), and Tennessee common law. On November 2, 2007, defendants removed the action to this court, premising removal on the court's

original jurisdiction involving both a federal question and diversity of citizenship.

Plaintiff moved to remand the matter to state court, claiming that she did not plead a claim under ERISA, and therefore the well-pleaded complaint doctrine precluded removal. Plaintiff further contended that the complaint capped her damages at $75,000, and therefore the amount in controversy does not exceed $75,000 as required by 28 U.S.C. § 1332(a). Defendants countered that plaintiff's claim falls under the Employee Retirement Income Security Act ("ERISA"), and as such her state-law claims are completely preempted thereunder, making the case necessarily federal in character such that federal-question jurisdiction exists. Defendants also asserted that the amount in controversy "more likely than not" exceeds $75,000, as plaintiff only capped her compensatory damages claims at $75,000 and prayed for back pay and other damages in addition thereto.

In a Memorandum and Order dated December 11, 2007 [Doc. 14], this court denied plaintiff's motion to remand, holding that plaintiff only capped her compensatory damages at $75,000 and that ERISA completely preempted her claim. On December 14, 2007, plaintiff filed her renewed motion to remand. Plaintiff now argues that regardless of the terms used, she caps all damages at $75,000. Furthermore, plaintiff claims that she is not seeking benefits covered by ERISA and therefore ERISA does not preempt her claim. Defendants in turn reiterate that plaintiff only capped one measure of damages and that the essence of her claim is to recover benefits under ERISA, regardless of the language used in pleading. Defendants in essence request that this court reinstate its prior Memorandum and Order.

## II. ANALYSIS

### A. Basis for Review

Plaintiff argues that this court has authority to renew her motion under Federal Rule of Civil Procedure 54(b) and the court's inherent authority to revisit interlocutory orders. Rule 54(b), however, pertains to "Judgment on Multiple Claims or Involving Multiple Parties" and is wholly inapplicable to this case. Likewise, the court is perplexed as to the relevance of the case law cited by plaintiff in support of her proposition that this court may, at any time, revisit interlocutory orders.

The grounds for considering plaintiff's renewed motion to remand stem from whether the court has subject-matter jurisdiction over the action. Removal jurisdiction is predicated on this court's original subject matter jurisdiction, 28 U.S.C. § 1441(a) (2006) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the ... defendants ...."), and defects in subject-matter jurisdiction may be raised at any time in the proceedings. *E.g.*, *Schultz v. Gen. R.V. Ctr.*, No. 06-2322, 2008 U.S. App. LEXIS 483, at *3 (6th Cir. Jan. 11, 2008). Furthermore, 28 U.S.C. § 1447 requires this court to remand the case "[i]f at any time before final judgment it appears that the ... court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c) (2006). The Supreme Court recently held that this rule applies even if the case was properly removed, i.e., even if jurisdiction existed at the time of removal. *Powerex Corp. v. Reliant Energy Servs.*, 127 S. Ct. 2411, 2417 (2007) ("[A] case can be properly removed and yet suffer from a failing in subject-matter jurisdiction that requires remand." (emphasis removed)).

Accordingly, it is the obligation of this court to consider whether subject-matter jurisdiction exists, even though the court already determined that removal was proper. If this court finds in favor of plaintiff that there is now no proper grounds for subject-matter jurisdiction, § 1447(c) therefore requires remand.

B.     **Diversity Jurisdiction**

In denying plaintiff's first motion to remand, this court held that plaintiff had only capped her compensatory damages at $75,000, despite having prayed for other forms of damages. Accordingly, the court held that defendants had met their burden of demonstrating that it was "more likely than not" that the amount in controversy exceeded $75,000.

Plaintiff now stipulates that *all* of her damages will not exceed $75,000. In support, plaintiff argues that the term "compensatory damages" is broad and is intended to cover all of the damages for which she prayed. Indeed, plaintiff argues that construing the term "compensatory damages" not to include all the damages claimed is "mere scholastic quibbling."

Although this court disagrees with plaintiff's interpretation of the term "compensatory damages" and her misguided efforts to argue that it includes equitable remedies such as back pay and front pay, nevertheless plaintiff's renewed motion to remand makes it quite clear that despite her confusion over the terms, she limits *all* damages to $75,000 or less. [*E.g.*, Doc. 17 at 13, 16]. It is this repeated insistence that the court finds controlling, not the language in the complaint, despite plaintiff's vigorous arguments that the complaint made clear that all damages were limited.[1] [*E.g.*, Doc. 20 at 2, 4]. Because plaintiff now stipulates that she will limit all damages to $75,000, irrespective of the language used or how unclear the complaint was, this court now finds that the threshold amount in controversy required to establish jurisdiction under § 1332 is not met, and this court cannot retain the case on that basis. This is true even if plaintiff potentially could recover in excess of $75,000, because plaintiff has effectively stated that she will not seek in excess of $75,000

---

[1] Accordingly, the court notes that plaintiff's reliance on *Norris v. A &S Building Systems, Inc.*, is misplaced. The prayer for relief, as previously discussed by this court, only limited one form of damages, not all damages. The court remains firm in this decision. The basis for finding that the amount in controversy does not exceed $75,000 is plaintiff's repeated insistence that all damages, not just compensatory damages, are capped.

for any of the damages alleged.

Defendants argue, however, that post-removal stipulations cannot serve to invalidate removal. Defendants cite *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868 (6th Cir. 2000), and *Van Meter v. State Farm Fire & Cas. Co.*, 1 F.3d 445 (6th Cir. 1993), for the proposition that "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." *Rogers*, 230 F.3d at 872. This line of precedent, however, is effectively abrogated by the Supreme Court's ruling in *Powerex Corp.* Because the amount in controversy must exceed $75,000 for this court to have diversity jurisdiction, it therefore follows that a stipulation post-removal requires this court to remand under § 1447(c). This is so even where, as here, defendants initially met their burden of demonstrating that removal was proper because the amount in controversy exceeded $75,000. *Powerex Corp. v. Reliant Energy Servs.*, 127 S. Ct. 2411, 2417 (2007).

In sum, the court finds that plaintiff has stipulated that she will not seek above $75,000 for the *totality* of her damages, not simply compensatory damages as originally pled. Plaintiff has refuted defendants' demonstration that the amount in controversy likely exceeds $75,000. Accordingly, no subject-matter jurisdiction exists under 28 U.S.C. § 1332, despite this court having previously determined, on the information before the court at that time, that removal was proper on the basis of diversity of citizenship because plaintiff only limited one form of damages.

In order for the removal to remain valid, therefore, federal-question jurisdiction must be established under 28 U.S.C. § 1331.

### C. Federal-Question Jurisdiction

Plaintiff further argues that no federal-question jurisdiction exists because her claim does not make any mention of ERISA. This court has previously noted that ERISA law completely preempts state laws "insofar as they ... relate to any employee benefit plan." 29 U.S.C. § 1144(a) (2006); *e.g.*,

*Penny/Ohlman/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 698 (6th Cir. 2005) [hereinafter *PONI*]. This court likewise has noted that while preemption is generally not an exception to the well-pleaded complaint rule, i.e., a defendant cannot merely assert preemption in order to circumvent the plaintiff's complaint and provide a basis for removal, there is a select category of substantive law which Congress intended to preempt so completely as to be federal in nature. *E.g., Metr. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). ERISA being one of the select categories, if the essence of the complaint falls within the scope of ERISA preemption, i.e., it relates to an employee benefit plan, that state-law claim is preempted and federal-question jurisdiction exists, despite plaintiff not having brought the claim under ERISA or indeed having mentioned ERISA in the complaint. *Id.* at 64-67.

In its earlier opinion, this court held that plaintiff's complaint did, in essence, establish ERISA preemption, as plaintiff is seeking in part to "restore all salary, fringe benefits, credits, and other employment benefits to which she was otherwise entitled." Compl. at 4 [Doc. 1, Attach. 1]. Upon the renewed motion to remand, however, plaintiff has argued that she is not seeking benefits wrongfully withheld or seeking relief from a plan fiduciary. Rather, plaintiff merely seeks to have her job reinstated, complete with the benefits she previously enjoyed—but none of which were wrongfully withheld from her upon her termination.

Defendants, however, argue that plaintiff's claim does "relate to an employee benefit plan," and point to plaintiff's answers to defendants' first set of interrogatories to demonstrate that she seeks medical, life, accidental death and dismemberment, short term disability, long term disability, dental, vision, and 401(k) plans and paid vacation benefits [Doc. , Attach. 2., at 1-2]. While these benefits do implicate ERISA in a certain sense, as the Sixth Circuit has noted, "[n]ot every cause of action which mentions plan benefits ... requires preemption. [R]eference to plan benefits may be 'simply

a reference to specific, ascertainable damages [the plaintiff' claims to have suffered as a proximate result of [the defendant's conduct].' " *PONI*, 399 F.3d at 702 *(*quoting *Wright v. Gen. Motors Corp.*, 262 F.3d 610, 615 (6th Cir. 2001)). Tellingly, in suits for wrongful discharge, "the cause of action was not 'claiming wrongful withholding of ERISA covered plan benefits,' but rather 'discrimination and [discharge] resulting in damages, one component of which is a sum owed under the provision of the [ERISA] plan.' " *Id.*. (quoting *Wright*, 262 F.3d at 615). Thus, where "a close reading of the complaint reveals that the reference to plan benefits was only a way to articulate specific ascertainable damages," *id.* (quoting *Wright*, 262 F.3d at 615), the claim does not "relate to" an employee benefit plan, and there is no ERISA preemption. Consequently, the claim is not federal in nature such that there is federal-question jurisdiction under 28 U.S.C. § 1331.

Upon plaintiff's clarification, the court finds that a close reading of the complaint reveals that the gravamen of plaintiff's claim is wrongful discharge in discrimination for her age. The references to plan benefits, even in her sworn responses to interrogatories, are simply one measure of her damages suffered. The court notes plaintiff's insistence that she is not owed any benefits wrongfully withheld, but rather is seeking to have her job reinstated as it was before she was terminated. Accordingly, this includes a reinstatement of benefits, but is not the sort of claim that relates to an employee benefit plan. *See id.* at 698 ("Thus, ERISA preempts state laws that (1) 'mandate employee benefit structures or their administration;" (2) provide 'alternative enforcement mechanisms;' or (3) 'bind employers or plan administrators to particular choices or preclude uniform administrative practice, thereby functioning as a regulation of an ERISA plan itself.' " (quoting *Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1468 (4th Cir. 1996))). Because the Tennessee Human Rights Act and other Tennessee common law under which plaintiff brings her wrongful-discharge claim do not relate to an employee-benefit plan in this sense, the court finds that there is no federal-question jurisdiction,

and plaintiff's renewed motion to remand must be granted.

### III. CONCLUSION

Although this court originally determined, based on the information before it at the time, that removal was proper, the court finds that remand is now warranted. This court does not have jurisdiction over plaintiff's claim predicated upon diversity of citizenship because the amount in controversy does not likely exceed $75,000. Accordingly, removal on that basis cannot follow. Nor does jurisdiction exist on the basis of a federal question, as plaintiff's complaint, while mentioning employee benefit plans, does not "relate to an employee benefit plan" such that ERISA preempts applicable state law. The gravamen of plaintiff's complaint is wrongful discharge in discrimination for her age. This court, therefore, now finds that it has no basis for jurisdiction over plaintiff's claim, and removal is improper. Plaintiff's renewed motion to remand [Doc. 16] is **GRANTED**, and this action is **REMANDED** to the Circuit Court for Campbell County, Tennessee, at Jacksboro, for further disposition.

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge